their duty negligently. It would be holding out a reward to them to do so. Would not their interest be materially affected by such a practice in this court? Most assuredly. Instead of their pilotage. which is intended as a compensation for skill, experience. and fidelity, they would not only receive that, but, as one of the witnesses swore, $400 or $500 for their errors or negligence. I mean to impute no improper motives to the pilots of Charleston, but I consider myself bound, from a sense of duty, to say that they ought not to be so tempted. This court will hold out no such temptation.

The court has been told, by way of inducement, that usage has sanctioned such claims; that arbitrators have frequently awarded compensation in cases like the present. Such decisions have no authority here. If it is a usage, it ought to be abolished,—"malus usus," &c. On the grounds, therefore, of law, justice, and policy, this libel must be dismissed, with costs.

---

WASHINGTON (SHANKLAND v.). See Case No. 12,703.

---

## Case No. 17,233.

### WASHINGTON v. STROTHER.

[2 Cranch, C. C. 542.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

KEEPING FARO TABLE — SEPARATE PROSECUTIONS.

Under the by-law of the corporation of Washington of the 16th of August, 1809, a person who suffers and permits a faro table to be set up and kept in his house is liable to a separate prosecution for every day he shall so have suffered and permitted it to be set up and kept.

This was an appeal from the judgment of a justice of the peace for the county of Washington, who had non-prossed the corporation of Washington upon five separate warrants issued against the appellee for suffering and permitting a faro table to be set up and kept in his house on five several days, viz., the 1st, 2d, 3d, 24th, and 25th of December, 1823. The three warrants, for the first three days. were all issued on the 29th of December, 1823, returnable on the 2d of January. 1824; that for the 25th of December was issued on the 2d of January, 1824, returnable on the same day; and that for the 24th of December was issued on the 5th of January, and returnable on the same day. On the 10th of June, 1824, the justice non-prossed them all, with costs against the corporation, who appealed from the judgments. Upon hearing of the appeals, the facts were fully proved, as alleged in the warrants respectively. By the 2d section of the by-law of the corporation, of the 16th of August. 1809, it is enacted, that "if any person" "shall permit any" "faro table" "to be set up, kept. or played, in his or her house," &c., he or she "shall incur the penalty of twenty dollars for every

day, or less time, that the same is so kept up and maintained; to be recovered before a single magistrate; one half whereof shall go to the informer, and the other for the use of the city council."

A doubt was suggested at the bar, whether the party could be prosecuted separately, for any number of days on which he continued to keep and maintain the faro table prior to the issuing of the first warrant, or whether it was not one continued offence up to the time of prosecution, as this court had decided, in Alexandria, in regard to the retailing of spirituous liquors, in the cases of Virginia v. Smith [Case No. 16,966], and U. S. v. Gordon [Id. 15,233 and 15,234]. See, also, Marriott v. Shaw, Comyn, 274.

Mr. Wallach. for the corporation, contended that each day's keeping constituted a separate and distinct offence. Brooke v. Milliken, 3 Term R. 509; Crepps v. Burden, Cowp. 640.

THE COURT (CRANCH, Chief Judge, not concurring) ordered the judgments to be reversed, with costs, and judgment to be entered against the appellee, for twenty dollars and costs in each case.

CRANCH, Chief Judge, wished for time to look into the authorities, and was inclined to be of opinion that all the time of keeping the faro table, before the first conviction, constituted but one offence, and that the amount of the penalty was to be regulated by the number of days' keeping, at the rate of twenty dollars a day.

---

WASHINGTON (THORNTON v.). See Case No. 14,001.

WASHINGTON (TOOLE v.). See Case No. 14,097a.

---

## Case No. 17,234.

### WASHINGTON v. TOWNSEND.

[3 Cranch, C. C. 653.] [1]

Circuit Court, District of Columbia. Dec. Term, 1829.

CORPORATION OF WASHINGTON—BY-LAW.

No penalty was prescribed by the by-law of 19th July, 1804, against hawkers and pedlars, for not taking out a license. The by-law is not correctly stated in Burch's Digest (p. 102).

This was an appeal from the judgment of a justice of the peace, who had non prossed the corporation, upon a warrant for $20 fine [against L. K. Townsend] for not taking out a hawker's and pedlar's license, under the 9th section of the by-law of July 19, 1804, entitled, "An act requiring annual licenses to be taken out by ordinary or tavern keepers, retailers, and hawkers or pedlars." The first and second sections relate to tavern-keepers, requiring them to take out license, and give bond with two sureties. The third, fourth, and fifth sections require retailers of wines, and spirituous liquors also to take out license,

---

[1] [Reported by Hon. William Cranch, Chief Judge.].

[1] [Reported by Hon. William Cranch, Chief Judge.]